IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edwin Reeves Hazel, III, #09030217<br>*former # 05081607,* | ) | C/A No. 0:09-2405-SB-PJG |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Captain C. McElvogue, and<br>Sgt. R. Sanders, | ) | |
| Defendants. | ) | |

The plaintiff, Edwin Reeves Hazel, III ("Hazel"), a self-represented pre-trial detainee, brings this action pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the following motions filed by Hazel: motions to appoint counsel (Docket Entries 17 & 25); motions to amend his Complaint (Docket Entries 24, 27, 31, 33, & 40); a motion for discovery (Docket Entry 26); and motions for the court to provide him with copies of his file (Docket Entries 30 & 53).

**A. Motions to Appoint Counsel**

Hazel first seeks appointment of counsel in this matter, alleging ignorance of the law and denial of access to legal supplies and the court. (See Docket Entries 17 & 25.) There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). As stated in 28 U.S.C. § 1915(e)(1), the court may use its discretion to appoint counsel for an indigent in a civil action. Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971). However, such appointment "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether

exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984).

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time which would justify the appointment of counsel, nor would the plaintiff be denied due process if an attorney were not appointed. Id. Moreover, the court observes that to date, Hazel has submitted numerous filings with the court, including motions, responses, replies, and letters. Accordingly, the plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. § 1915(e)(1) (Docket Entries 17 & 25) is denied at this time.

**B.     Motions to Amend**

Hazel has filed five separate motions to amend his Complaint. (Docket Entries 24, 27, 31, 33, & 40.) Following each motion, the defendants opposed the amendments asserting that Hazel has not presented any extraordinary circumstances pursuant to the terms of the Scheduling Order to justify a late amendment. All of Hazel's motions to amend were filed after the deadline contained in the scheduling order for moving to amend pleadings; therefore, the defendants argue that Hazel must demonstrate exceptional circumstances. Further, the defendants argue that the assertions contained in Hazel's motions to amend do not seek to add parties or claims, but are merely cumulative.

The court observes that each of these motions were filed after the defendants answered Hazel's Complaint. Therefore, under Rule 15(a)(2), Hazel must seek leave of the court to amend his Complaint. Although Rule 15(a) mandates that leave to amend pleadings should be granted freely where justice requires, "[m]otions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). Leave to amend a pleading

PJG

should be denied when the amendment would cause undue delay, when it would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile.  See Foman v. Davis, 371 U.S. 178 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir. 1986).

In Hazel's Complaint, he alleges that the defendants have denied him the right to purchase paper, pens, and envelopes, and, liberally construed, alleges a claim for denial of access to the courts. Hazel's motions to amend seek to add facts and incidents to support these claims and seeks to attach additional evidence to his Complaint.  These facts and attachments appear to be more appropriately presented as facts or exhibits as part of a dispositive motion or at trial.  Therefore, Hazel's motions to amend his Complaint (Docket Entries 24, 27, 31, 33, & 40) are denied without prejudice to present these facts and documents at the appropriate stage of these proceedings if otherwise permitted by law.  However, in light of the fact that a dispositive motion has been filed, to which Hazel has already responded, the court will consider these facts and exhibits in its recommendation on the dispositive motion.

**C.     Motion for Discovery**

Hazel has also filed a motion entitled "motion for discovery," which states in its entirety the following:

> Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. The Plaintiff in this case who is A pro se Litigant hereby requests that all Discovery material be delivered to the Plaintiff.

(Docket Entry 26.)  Absent a dispute, the court generally does not enter the discovery process, which is detailed in the Federal Rules of Civil Procedure.  See generally Fed. R. Civ. P. 26 through 37; see also Fed. R. Civ. P. 45.  The court observes that it does not appear that Hazel has directed any



specific discovery requests to counsel for the defendants. Moreover, this request does not comply with the Federal Rules of Civil Procedure. For these reasons, this motion is denied. (Docket Entry 26.)

**D.    Motions for Copies**

Finally, Hazel moves for the court to provide him with free copies of everything he has filed in this matter or, in the alternative, that the amount for these copies be added to the balance owed on his filing fee. While Hazel was granted leave to proceed *in forma pauperis* in this matter pursuant to 28 U.S.C. § 1915, this status exempts litigants from paying the filing fees in full at the time the lawsuit is filed; it does not exempt litigants from the costs of copying and filing documents, service of documents other than the complaint, costs, expert witness fees, or sanctions. See, e.g., In re Richard, 914 F.2d 1526 (6th Cir. 1990) (stating that the granting of *in forma pauperis* status "does not give the litigant a right to have documents copied and returned to him at government expense"); Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987) (upholding the district court's denial of a civil plaintiff's request for funds to pay an expert medical witness and observing that neither 28 U.S.C. § 1915 nor any other authority provides for such funding). Therefore, Hazel's motions are denied. (Docket Entries 30 & 53.)

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 2, 2010
Columbia, South Carolina