IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edwin Reeves Hazel, III, #09030217 *former # 05081607,* | ) ) ) | C/A No. 0:09-2405-SB-PJG |
| Plaintiff, | ) ) ) | **REPORT AND RECOMMENDATION** |
| vs. | ) ) ) | |
| Captain C. McElvogue, and Sgt. R. Sanders, | ) ) ) ) | |
| Defendants. | ) ) | |

The plaintiff, Edwin Reeves Hazel, III ("Hazel"), a self-represented pre-trial detainee at the Berkeley County Detention Center, brings this action pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the following motions filed by Hazel: a motion for default judgment against the defendants (Docket Entry 18), a motion for a restraining order against the defendants (Docket Entry 38), a motion for judgment on the pleadings (Docket Entry 54), and motions to prosecute the defendants (Docket Entries 50 & 55). Also before the court is the defendants' motion for summary judgment. (Docket Entry 43.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Hazel of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (Docket Entry 44.) Hazel responded in opposition to the defendants' motion. (Docket Entry 47.) Having carefully reviewed the parties' submissions, the court finds that Hazel's motions (Docket Entries 18, 38, 50, 54, & 55) should be denied or terminated and the defendants' motion (Docket Entry 43) should be granted.

**BACKGROUND**

Hazel filed this civil rights action alleging that he is being denied the right to purchase pencils, envelopes, and paper. Hazel alleges that this denial is due to the fact that he is in protective custody and therefore housed in "A-Pod Segregation," which houses both inmates in protective custody and inmates in disciplinary segregation. Hazel further asserts that he has been denied access to the courts and that a "hold" was placed on him for failure to appear in another county because he has been unable to stay in contact with his attorney. (Compl. at 3, Docket Entry 1 at 3.) In his prayer for relief, Hazel requests that the court order (1) the detention center to add stationery supplies, writing supplies, and postage to the A-Pod canteen, (2) the detention center to change how it treats inmates in protective custody versus inmates in disciplinary segregation, and (3) that he be awarded $85,000 in punitive damages. (Id. at 4.)

**DISCUSSION**

**A.     Default Judgment**

As an initial matter, Hazel has filed a motion for default judgment as to the defendants. (Docket Entry 18.) While the defendants have filed an answer, Hazel appears to argue that their answer fails to admit or deny his allegations and therefore it does not comply with Rule 8(b) of the Federal Rules of Civil Procedure. Hazel further expresses a general displeasure with the contents of the answer and argues that in responding to his Complaint the defendants are trying to " 'wiggle free' of any wrong doing." (Id. at 2.)

The defendants argue that their answer was timely filed and that the first paragraph of the answer states that "[t]hese Defendants deny each and every allegation of the Plaintiff's Complaint that is not hereinafter specifically admitted." (Docket Entry 20.) Further, to the extent that Hazel's motion constitutes a reply to the defendants' answer, the defendants contend that such a pleading was

not permitted by the court pursuant to Rule 7(a) of the Federal Rules of Civil Procedures. For these reasons, the defendants ask that Hazel's motion be denied and be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Id.)

The record shows that the defendants' answer was timely filed and comports with the requirements of Rule 8(b). Accordingly, a default judgment against the defendants under Rule 55 of the Federal Rules of Civil Procedure would be inappropriate. Therefore, the court recommends that Hazel's motion for a default judgment (Docket Entry 18) be denied. Furthermore, to the extent that Hazel's motion is considered a reply, it should be stricken under Rule 12(f) as an impermissible pleading.

**B.     Motion for Summary Judgment/Judgment on the Pleadings**

The defendants have moved for summary judgment on Hazel's claims (Docket Entry 43), to which Hazel responded (Docket Entry 47). Hazel also filed a motion for judgment on the pleadings, arguing that the defendants' affidavits offered in support of summary judgment contain false statements. Based on that assertion, Hazel contends that he is entitled to a judgment on the pleadings in his favor.[1] (Docket Entry 54.)

**1.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party

---

[1] Hazel also filed motions seeking the criminal prosecution of the defendants for their allegedly false statements. These motions are addressed below.

who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### 2. Relief on Behalf of Others

As an initial matter, based on Hazel's request for relief, to the extent that Hazel seeks to assert the rights of other detainees as well as his own, such representation is not permitted. Hazel may represent himself in this matter; however, he may not bring this action on behalf of other detainees. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a *pro se*

litigant cannot represent the rights of others in a class action); see also Myers v. Loudon Co. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005) (finding that a *pro se* person's right to litigate for oneself does not create a similar right to litigate on behalf of others); Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981) (noting that a prisoner cannot act as a "knight-errant for all prisoners"); Local Civil Rule 83.I.04 DSC ("Litigants in civil and criminal actions, except for parties appearing *pro se* must be represented by at least one member of the Bar of this Court who shall sign each pleading, motion, discovery procedure, or other document served or filed in this Court."). Therefore, to the extent that Hazel is seeking to enforce the rights of others, the defendants are entitled to summary judgment.

### 3. Eleventh Amendment Immunity

To the extent the defendants are sued in their official capacities, they correctly assert that they are immune from suit in this court. As arms of the state, they are entitled to sovereign immunity and are not "persons" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Accordingly, to the extent the defendants are sued in their official capacity, they are immune from suit, as they are treated as "arms of the State" in this capacity. Will, 491 U.S. at 70-71; Gulledge v. Smart, 691 F. Supp. 947, 954 (D.S.C. 1988) (holding that both sheriffs and deputy sheriffs are agents of the State and immune from suit); see also Cone v. Nettles, 417 S.E.2d 523 (S.C. 1992) (stating that the sheriff and his employees are state officials).

### 4. Hazel's Claims

As stated above, Hazel appears to claim that he is being denied the right to purchase pencils, envelopes, and paper, and as a result of this denial, he is being denied access to the courts.

Specifically, Hazels alleges that a "hold" was placed on him for failure to appear in another county because he has been unable to stay in contact with his attorney. (Compl. at 3, Docket Entry 1 at 3.)

### i. Access to the Courts

It is well established that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). In Bounds, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. To state a cognizable claim for denial of meaningful access to the courts a prisoner must allege a specific actual injury resulting from the alleged denial. Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996). The Lewis Court stated that a plaintiff must "demonstrate the alleged shortcomings in the law library or legal assistance program hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351. The Court further explained that

> the injury requirement is not satisfied by just any type of frustrated legal claim. Nearly all of the access-to-courts cases in the Bounds line involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, or habeas petitions. In Wolf v. McDonnell, 418 U.S. 539 (1974), we extended this universe of relevant claims only slightly, to "civil rights actions"—*i.e.*, actions under 42 U.S.C. § 1983 to vindicate "basic constitutional rights."

Lewis, 518 U.S. at 354 (internal citations omitted); see also Christopher v. Harbury, 536 U.S. 403, 414-15 (2002) (stating that "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong").

Specificity is required in pleading a denial of access to the courts claim. Cochran, 73 F.3d at 1317. Moreover,

> the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation. It follows, too, that when the access claim (like this

one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.

Christopher, 536 U.S. at 415.

In this case, Hazel's Complaint does not allege any specific facts indicating that he has been denied access to the *courts* or that he has been adversely affected in pursuing a direct appeal from a conviction, a habeas petition, or a civil rights action due to his alleged denial of paper, pencils, and envelopes. In Hazel's Complaint, he alleges in a conclusory fashion that a "hold" was placed on him for failure to appear in another county because he has been unable to stay in contact with his attorney. (Compl. at 3, Docket Entry 1 at 3.) In response to the defendants' motion for summary judgment, Hazel disputes some of the information in the defendants' affidavits and appears to state that the "hold" he referred to in his Complaint was a warrant for failure to appear. Hazel also concedes that he has submitted numerous filings with the court, including amended pleadings, motions, responses, and replies;[2] however, Hazel alleges that this was accomplished with "smuggled" paper. (Docket Entry 47 at 5.) Based on the foregoing, the court finds that Hazel cannot demonstrate any actual injury as required to state a claim for denial of access to the courts. See Lewis, 518 U.S. at 351 (stating that an inmate must demonstrate that the deficiencies in the prison's library or legal assistance program "hindered his efforts to pursue a legal claim"); Cochran, 73 F.3d at 1317 (holding that the district court properly dismissed a claim for denial of access to the courts where the plaintiff failed to identify any actual injury resulting from official conduct); Strickler v. Waters, 989 F.2d 1375, 1384 (4th Cir. 1993) (observing that a prisoner had a "basic requirement that

---

[2] A review of the electronic case filing systems reveals that Hazel has filed at least sixteen motions in this matter between September 2009 and March 2010. Further, it appears that Hazel filed five civil actions, including this one, from June through December 2009.

he show specific harm or prejudice from the allegedly denied access"). As observed above, there is no indication that Hazel has been denied access to this court or in pursuing a direct appeal from any conviction, a habeas petition, or a civil rights action. See Lewis, 518 U.S. at 354 (Bounds requires inmates to be provided with those tools "that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."); Giarratano v. Johnson, 521 F.3d 298, 305-06 (4th Cir. 2008) (stating that "the right of access affords only 'the capability of bringing contemplated challenges to sentences or conditions of confinement' ") (quoting Lewis, 518 U.S. at 356). Therefore, Hazel has failed to state a claim on which relief may be granted.[3]

### ii. Ability to Purchase Paper, Pencils, and Envelopes

To the extent that Hazel is alleging that the defendants are violating his "right" to purchase pencils, envelopes, and paper, such a claim is without merit. There is no independent constitutional right to purchase these items. Cf. Lewis, 518 U.S. at 351 (observing that Bounds established a right of access to the courts, not a right to a law library or legal assistance).

---

[3] In Hazel's motions to amend his Complaint, Hazel also alleges (1) that he believes that after a search of his cell some rough drafts of motions and responses were missing (Docket Entry 24), (2) that he was denied the opportunity to write and mail letters for the week of November 23, 2009 (Docket Entry 27), (3) that a revised commissary form was issued in December 2009 that only added two female personal items to the form but still did not include paper, pencils, or envelopes, which Hazel believes was done to antagonize and provoke him (Docket Entry 31), and that on December 30, 2009, at the conclusion of the inmates' time to write letters, Defendant Sanders handed Hazel two pieces of legal correspondence that she had already opened and did not permit him to respond to these letters (Docket Entry 40). Even considering these additional facts and allegations, Hazel has failed to allege that these incidents limited his access to the courts or resulted in any actual injury.

### 5. Judgment on the Pleadings

As stated above, after the defendants moved for summary judgment, Hazel filed a motion seeking judgment on the pleadings. (Docket Entry 54.) Hazel argues that the defendants' affidavits offered in support of summary judgment contain false statements and, based on that assertion, contends that he is entitled to a judgment on the pleadings in his favor. Notwithstanding the veracity of the defendants' affidavits, for the reasons discussed above, Hazel has failed to stated a claim upon which relief may be granted. Therefore, even assuming that Hazel's assertions are correct, it would not entitled him to judgment on the pleadings.

### C. Request to Prosecute

Hazel also seeks the imposition of criminal charges against both defendants. (Docket Entries 50 & 55.) Because "[n]o citizen has an enforceable right to institute a criminal prosecution," Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990), such relief is not available and these motions should be denied.

### RECOMMENDATION

For the foregoing reasons, the court recommends that Hazel's motion for default judgment against the defendants (Docket Entry 18), motion for judgment on the pleadings (Docket Entry 54), and motions to prosecute the defendants (Docket Entries 50 & 55) be denied. Further, the court recommends that the defendants' motion for summary judgment (Docket Entry 43) be granted. In light of this recommendation, the court further recommends that Hazel's motion for a restraining order against the defendants (Docket Entry 38) be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 2, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).